```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 15-23001-Civ-GAYLES
                                    (96-00077-Cr-RLF-GWC-2)
                              MAGISTRATE JUDGE P.A. WHITE
GEORGE ROHLSEN,

      Movant,                   REPORT RE DISMISSAL
                                FOR FAILURE TO OBTAIN
v.                            AUTHORIZATION PURSUANT TO
                                28 U.S.C. §2244(b)(3)
UNITED STATES OF AMERICA,

      Respondent.
_____/
```

I. Introduction

The movant, a federal prisoner, currently confined at the Federal Detention Center in Miami, Florida, has filed a pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, seeking vacatur of his criminal judgment, entered in the U.S. Virgin Islands, criminal case no. 96-0007-Cr-RLF-GWC-2, on the basis that the probation officer miscalculated his criminal history points, assessing separate points for two prior offenses which were part of a "common scheme." He seeks a resentencing hearing, based on an accurate calculation of the criminal history points.

This Cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla. Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts. No order to show cause has been issued because, on the face of the petition, it is evident

the petitioner is entitled to no relief. See Rule 4,[1] Rules Governing Section 2255 Proceedings.

The Court has reviewed the movant's motion (Cv-DE#1), together with his supporting memorandum (Cv-DE#5), along with pertinent portions of his underlying criminal file, as well as, the movant's prior §2255 motion filed in the District Court of the Virgin Islands, case no. 00cv00067-Moore, together with the opinions of the Third Circuit Court of Appeals in Rohlsen v. United States, 185 F.3d 864 (3rd Cir. 1999)(Direct Appeal) and Rohlsen v. United States, 85 Fed.Appx. 307 (3rd Cir. 2004) (§2255 Appeal), and the briefs filed in those proceedings, which can be found on Westlaw, a legal research database, at www.westlaw.com.[2]

## II. Brief Procedural History

This court, recognizing that movant is *pro se,* afforded him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419 (1972). Movant seeks vacatur of his conviction and sentence entered following a jury verdict for possession with intent to distribute a controlled substance. He was adjudicated guilty, and at sentencing, his advisory guideline range was based on a total offense level 34, and a criminal history category IV, resulting in a range at the low end of 210 months imprisonment, and at the high end of 262 months imprisonment. See United States v. Rohlsen, et al., 1997 WL 33553519 (3rd Cir. 1997)(Brief on Appeal). He was

---

[1] Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...."

[2] See Fed.R.Evid. 201.

sentenced to the high end of the guideline range to a term of 262 months imprisonment. (Id.). The judgment of conviction and sentence was subsequently affirmed on direct appeal in a decision without written opinion. See United States v. Riviere, et al., 185 F.3d 865 (3rd Cir. 1999)(table). Certiorari review was also denied by the U.S. Supreme Court. Rohlsen v. United States, 528 U.S. 976, 120 S.Ct. 425, 145 L.Ed.2d 332 (1999).

In 2003, movant returned to the district court, filing a motion to vacate, pursuant to 28 U.S.C. §2255, raising multiple claims, including a claim that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000) because there was no factual determination made, beyond a reasonable doubt, by the jury regarding the quantity of drugs attributable to the movant. See Rohlsen v. United States, 85 Fed.Appx. 307 (3rd Cir. 2004). The district court denied relief on the merits, and the denial was affirmed on appeal, which included a claim that the court incorrectly applied two points each, pursuant to U.S.S.G. §4A1.1(b), on two prior convictions which movant maintains were related and thus should only have been counted once. Id. at 308 n.1.

Undeterred, he sought permission from the Third Circuit Court of Appeals, pursuant to 28 U.S.C. §2244, to file a second or successive 28 U.S.C. §2255 motion to vacate, which was denied by the appellate court on the basis that the petitioner had failed to meet the stringent gatekeeping requirements for filing a successive §2255 motion. See In re Rohlsen, Third Circuit Court of Appeals Case No. 14-2073 (3rd Cir. June 5, 2014).

Now, the petitioner has come to this court, filing the instant

3

federal habeas petition, seeking to again circumvent the strict gatekeeping requirements for filing a second or successive §2255 motion, by filing this habeas petition pursuant to 28 U.S.C. §2241.

### III. Discussion

#### 1. Unauthorized Successive 2255

As previously narrated, a review of the records as noted above establishes that movant filed a previous collateral attack to the constitutionality of his criminal conviction which was denied on the merits, pursuant to the provisions of 28 U.S.C. §2255, and which raised multiple claims, including a claim similar to that which is the subject matter of the instant §2241 petition. See Rohlsen v. United States, 85 Fed.Appx. 307 (3rd Cir. 2004).

In this latest 2015 proceeding, he also challenges the constitutionality of his sentence, claiming that the sentence was unlawfully determined, based on a PSI which contained miscalculations regarding the assessment of petitioner's criminal history points. This, he claims affected his sentencing guideline range and the ultimate sentence imposed.

"[B]efore a second or successive application is permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. §2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a

4

three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a *prima facie* showing that the application satisfies the requirements of [28 U.S.C. §2244(b)(2)]." See 28 U.S.C. §2244(b)(3)(B) and (C).

A federal prisoner can file a second or successive §2255 motion if that motion is the result of new evidence of innocence or of a new rule of constitutional law made retroactive to cases on collateral review by the U.S. Supreme Court. See 28 U.S.C. §2255(h)(1)-(2). A second or successive petition, however, must be certified by the court of appeals to contain newly discovered evidence or a new rule of constitutional law. See Id., See also United States v. Bell, 447 Fed.Appx. 116 (11th Cir. Nov. 18, 2011)(unpublished decision) (stating that appellant's "Motion for Clarification"—in which he claimed that district court lacked jurisdiction to impose his mandatory life sentences because government's 21 U.S.C. §851 notice of sentence enhancement was defective—"is properly construed as a motion to vacate under 28 U.S.C. §2255," over which the district court lacked jurisdiction because appellant "had already filed a §2255 motion" and had not obtained authorization from the Eleventh Circuit to file another one).

The movant's 2003, §2255 proceeding constituted an adjudication on the merits for purposes of invoking the second or successive requirements of 28 U.S.C. §2244(b)(3). The movant has previously attempted to seek leave from the Third District Court of Appeals to file a successive §2255 motion, but the request has been denied. Since he has not been able to obtain authorization to do so, this failing operates as a jurisdictional bar that precludes

5

this district court's consideration of the merits of the instant petition. See 28 U.S.C. §2244(b)(3)(A); Fugate v. Dep't of Corr's, 301 F.3d 1287, 1288 (11th Cir.), cert. den'd, 536 U.S. 980 (2002). If the movant intends to pursue this case, he should forthwith apply to the Third Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). See Cate v. Ayers, 2001 WL 1729214, *3 (E.D.Cal. 2001)(holding that the law is clear that a dismissal based on the statute of limitations is an adjudication on the merits of the claim).

While movant's challenge to his conviction and sentence may be cognizable under an initial 28 U.S.C. §2255(a), he has already filed, and had denied on the merits, a prior motion to vacate pursuant to 28 U.S.C. §2255. Therefore, the instant motion is clearly successive, subject to dismissal for his failure to seek authorization from the Third Circuit Court of Appeals to file another §2255 motion. See United States v. Baptiste, 223 F.3d 188, 189-90 (3rd Cir. 2000); see also, United States v. Searcy, 448 Fed.Appx. 984 (11th Cir. 2011), cert. den'd, __ U.S. __, 132 S.Ct. 2784 (2012)(citing, 28 U.S.C. §2255(h)).

## 2.   2255's Saving Clause

It is evident here that the movant is attempting to raise the issue by way of a habeas petition brought pursuant to 28 U.S.C. §2241, but such a proceeding is also subject to dismissal. Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under §2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under §2241. Antonelli v. Warden,

6

U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008).

The savings clause of §2255, however, permits a federal prisoner, under limited circumstances, to file a habeas petition that attacks the validity of his conviction(s) and sentence(s) pursuant to §2241. Sawyer, 326 F.3d at 1365. Under the savings clause, a court may entertain a §2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). The savings clause is a jurisdictional provision, such that a petitioner must show that §2255 is "inadequate or ineffective" before the district court has jurisdiction to review the §2241 petition. Williams v. Warden, Fed'l Bureau of Prisons, 713 F.3d 1332, 1337-40 (11th Cir. 2013).

A prisoner who has previously filed a §2255 motion must apply for and receive permission before filing a successive §2255 motion. 28 U.S.C. §2244(b)(3)(A), §2255(h). Such a restriction alone does not render that section "inadequate or ineffective" within the meaning of the savings clause. See United States v. Baptiste, 223 F.3d 188, 189-90 (3rd Cir. 2000); see also, Rohlsen v. United States, 85 Fed.Appx. 307, 308 n.1 (3rd Cir. 2004)(decision on a prior §2255); Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011)(*en banc*). Thus, a petitioner who has filed a prior §2255 motion that has been denied may not circumvent the prohibition on unauthorized successive §2255 filings simply by filing a petition under §2241. See Id.

It bears noting that careful review of the underlying criminal docket in the U.S. Virgin Islands reveals that petitioner filed a

7

motion to reduce sentence, pursuant to 18 U.S.C. §3582(c)(2), based on Amendment 782 to the U.S. Sentencing Guidelines. The government has filed a response thereto, acknowledging that Amendment 782 has reduced the applicable advisory guideline range in movant's criminal case. As a result, the district court may consider whether or not to reduce the movant's sentence. The government noted therein that, in accordance with the amendment, the movant's total base offense level would be reduced to a level 32. The government concluded that it would not oppose the movant's motion to his term of imprisonment. As of August 19, 2015, the motion is presently pending before the district court. If the motion is granted, and movant is granted a resentencing hearing, he may wish to bring to the court's attention the errors and/or miscalculations in the criminal history category, as alleged herein. The Undersigned, however, takes no position on whether such a claim will be considered, much less whether it will be meritorious or not.

## IV.   Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C.

§2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001).

After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied in this case. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

V. Conclusion

For all of the foregoing reasons, this 2015 proceeding should be dismissed for lack of jurisdiction on the following bases: (1) as a §2255 motion, it is an unauthorized successive motion, because movant has not obtained certification required by 28 U.S.C. §2244(b)(3)(A) from the Third Circuit Court of Appeals; and, (2) as a

§2241 petition, seeking to invoke §2255(e) saving clause, the petitioner has not demonstrated that §2255 is an inadequate or ineffective to means to collaterally attack his federal conviction or sentence, nor is he unable to meet the stringent gatekeeping requirements for filing a second or successive §2255 motion. It is further recommended that all pending motions, not otherwise ruled upon be dismissed as moot, that no certificate of appealability issue, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 19th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE

cc: George Rohlsen, Pro Se
Reg. No. 01308-094
Federal Detention Center - Miami
P.O. Box 019118
Miami, FL 33101

Noticing 2255 U.S. Attorney
Email: usafls-2255@usdoj.gov