UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23001-CIV-GAYLES/WHITE

**GEORGE A. ROHLSEN,**

    Movant,

v..

**WARDEN R.C. CHEATHAM,**

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on George A. Rohlsen's ("Rohlsen") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. The matter was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3]. On August 19, 2015, Judge White issued a Report of Magistrate Judge ("Report") [ECF No. 8] recommending that the Court dismiss the Petition for lack of jurisdiction.

### Background

On June 16, 1997, a jury convicted Rohlsen of possession with intent to distribute a controlled substance. *See United States v. Rohlsen, et al.*, 1997 WL 33553519 at *3 (3d Cir. 1997) (brief on appeal). At sentencing, the District Court of the Virgin Islands found Rohlsen to have a total offense level of 34, a criminal history category of IV, and to be within the guideline range of 210-262 months. The Court sentenced Rohlsen to 262 months. The Third Circuit Court

of Appeals affirmed the judgment of conviction and the sentence and the United States Supreme Court denied certiorari review.

In 2003, Rohlsen filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing, in part, that the trial court incorrectly applied the sentencing guidelines in calculating his sentence. The district court denied his motion, and the Third Circuit affirmed the denial on appeal. Rohlsen then sought permission from the Third Circuit to file a successive § 2255 petition. The Third Circuit denied his request.

Rohlsen, now in custody in Miami, Florida, has filed the instant petition, pursuant to 28 U.S.C. § 2241, challenging his sentence. In his Report, Judge White recommends that the Court dismiss the petition for lack of jurisdiction because Rohlsen did not get permission from the Third Circuit to file a successive § 2255 petition. This Court agrees. A petitioner must get permission from the appropriate court of appeals before filing a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A), § 2255(h). Rohlsen has not requested or received permission to file the instant petition. In addition, as detailed by Judge White, the savings clause of § 2255 does not apply to the facts of this case. Although Rohlsen attempts to invoke § 2241 to attack his sentence, that provision is only applicable if § 2255 is "inadequate or ineffective." The requirement that Rohlsen apply for and receive permission before filing a successive petition does not render § 2255 inadequate or ineffective. *See United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000). Accordingly, Rohlsen's action must be dismissed for lack of jurisdiction.

Rohlsen objects to the Report arguing that he has exhausted administrative remedies and therefore should be able to proceed under § 2241. This Court disagrees. Rohlsen cannot circumvent the requirement that he receive permission before filing a successive petition simply by labeling his successive petition as a § 2241 action.

Rohlsen also requests that the Court transfer his action to the District Court of the Virgin Islands. Even upon transfer, however, Rohlsen's action is still subject to dismissal. Accordingly, the Court declines to transfer the action. Based thereon, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge [EFC No. 8] is **ADOPTED**. George Rohlsen's Petition for Writ of Habeas Corpus is **DISMISSED** for lack of jurisdiction. It is further

**ORDERED AND ADJUDGED** that is case is **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE